IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DON AIRSMAN, JR.                                                                           PLAINTIFF

        v.                              Civil No. 4:12-cv-04094

CHRISTI MCQUEEN;
JAMES SINGLETON;
FRANK MCJUNKIN;
JOHNNY GODBOLT; and
LT. STEVE GLOVER                                                                        DEFENDANTS

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

    Plaintiff Don Airsman filed this case *pro se* pursuant to 42 U.S.C. § 1983 on August 13, 2012.  ECF No. 1.  Now before the Court is Plaintiff's continuous failure to comply with the Court's orders and prosecute this case.

    Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.  After careful consideration, the undersigned makes the following Report and Recommendation.

**I.     BACKGROUND**

    At the time he filed his Complaint, Plaintiff was an inmate of the Hempstead County Detention Center in Hope, Arkansas ("HCDC").  Plaintiff was informed by a filing Order dated August 13, 2012 that he must keep the Court informed of his current address, and advised that failure to do so would subject his case to dismissal.  ECF No. 3.  On December 20, 2012, the Court ordered Plaintiff to complete a Court prepared Addendum to his Complaint in an effort to

clarify Plaintiff's claims in his Complaint. ECF No. 5. In this Order, the Court again advised Plaintiff that he must keep the Court informed of his current address and failure to do so would subject his case to dismissal. ECF No. 5.

Plaintiff filed his Addendum to his Complaint on January 16, 2013. ECF No. 6. In Plaintiff's Addendum, he alleges Defendants: (1) refused to investigate the burglary of his home; (2) schedule him a mental health appointment; (3) took away all of his religious materials; (4) denied his special medical diet; (5) exposed him to extremely cold temperatures; (6) denied his family visits; (7) denied his first phone call; (8) housed him with other inmates even though he is a former correctional officer; (9) denied him outside recreation; (10) served him food with bugs and worms in it; (11) illegally locked him down; (12) denied him medical care; (13) violated his constitutional rights with the HCDC policy of forcing him to back against the wall with his hands behind his back when the pod door is unlocked; (14) illegally locked him in a holding cell with no bed and constant light for failing to answer an investigator's questions; and (15) housed Plaintiff whith Hepatitis B and C infected inmates. ECF No. 6.

On May 29, 2013, Separate Defendant McQueen filed a Motion to Dismiss. ECF No. 16. Plaintiff failed to respond. The Court entered an Order to Show Cause on September 9, 2013 directing Plaintiff to show cause why he failed to respond to Separate Defendant McQueen's Motion by September 30, 2013. ECF No. 18. This Order to Show Cause was not returned as undeliverable mail. Plaintiff failed to respond.

On October 9, 2013, the Court determined, upon its own research, that Plaintiff was recently transferred to the Arkansas Department of Corrections Cummins Unit in Grady, Arkansas. ECF No. 19. Plaintiff again failed to inform the Court of this address change.

## II.     APPLICABLE LAW

While *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure also specifically contemplate dismissal of a case with prejudice on the grounds the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (the district court possess the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order," and such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff.'" *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)) (emphasis added). Dismissal with prejudice is an extreme sanction, and only to be used in cases of "willful disobedience of a court order" or "where a litigant exhibits a pattern of intentional dely." *Hunt v. City of Minneapolis,* 203 F.3d 524, 527 (8th Cir. 2000). The Court does not, however, need to find that Plaintiff acted in bad faith, but "only that he acted intentionally as opposed to accidentally or involuntarily." *Id.* (quoting *Rodgers v. Univ. of Missouri,* 135 F.3d 1216, 1219 (8th Cir. 1998)).

3

**III.   DISCUSSION**

Plaintiff has failed to comply with three Court orders.  Plaintiff has failed to keep the Court informed of his current address as he was directed to do so in the August 13, 2012 filing Order and December 20, 2012 Addendum Order.  Plaintiff failed to inform the Court of his address change when he was transferred from the HCDC to the Arkansas Department of Corrections Ouachita River Unit (ECF No. 10), and again when he was transferred to the Arkansas Department of Corrections Cummins Unit (ECF No. 19). Plaintiff also failed to comply with the Court's September 9, 2013 Order to Show Cause as to why he failed to respond to Defendant McQueen's Motion to Dismiss.  Additionally, Plaintiff has failed to prosecute this case.  Plaintiff did not respond to Separate Defendant McQueen's Motion to Dismiss, and has not communicated with the Court since filing his Addendum on January 16, 2013.

While Plaintiff has failed to keep the Court informed of his current address and failed to respond to the Court's Order to Show Cause, the Court cannot find a clear record of delay or contumacious conduct by the plaintiff because it is unclear if Plaintiff received the Court's orders once he was transferred from the HCDC.  Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) the Court recommends Plaintiff's Complaint be dismissed without prejudice.

Accordingly, Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this action.  *See* Local Rule 5.5(c)(2); Fed. R. Civ. P. 41(b).

**IV.   CONCLUSION**

For the foregoing reasons, I recommend Plaintiff's Complaint (ECF No. 1) be **DISMISSED** without prejudice on the grounds that Plaintiff has failed to comply with the Local Rules and the

4

Court's Orders, and failed to prosecute this action.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 30th day of October 2013.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE